John M. Murtagh
1101 West 7th
Anchorage, Alaska  99501
(907) 274-8664
Counsel for defendant Glade Lusk

FILED

DEC 0 5 2005

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA
By_____Deputy

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| Vs. | ) |
|  | ) |
| GLADE LUSK, and, | ) |
| THAIRON C. HAWK, | ) |
| Defendants. | ) |
|  | ) |

Case No. A05-0107 CR. (RRB)

MOTION TO SEVER DEFENDANTS: *BRUTON*

COMES NOW, Glade Lusk, defendant herein, by and through his attorney, John M. Murtagh, and hereby moves this Court for the entry of an order severing his trial from that of his codefendant Thairon Hawk. This motion is made pursuant to Bruton v. United States, 391 U.S. 123 ( 1968 ) and the federal constitutional provisions relied on therein.

Counsel for Lusk does not have the tapes or full transcripts of the

JOHN M. MURTAGH
ATTORNEY AT LAW
1101 WEST SEVENTH AVENUE
ANCHORAGE, ALASKA 99501
(907) 274-8664

1

26

Case 3:05-cr-00107-RRB  Document 26  Filed 12/05/2005  Page 2 of 6

statements of Hawk. However, the indictment in this case reveals grand jury testimony and statements by Hawk directly incriminatory of Lusk

> On or about December 17, 2003, THAIRON C. HAWK, falsely told Special Agent Ian McKenzie and Task Force Officer Brian Balega of the Drug Enforcement Administration that on June 12, 2003, he received bottles of GHB *from Glade Lusk* and disposed of them by himself in a nearby dumpster, when in truth and in fact, as defendant then and there well knew, he *and Glade Lusk had disposed of the evidence in Cook Inlet.* ( italics added )

It is reasonable to assume

(1) Hawk's statements are replete with additional actions or words attributed to Lusk

(2) the government will wish to introduce the precise statements in the indictment, among others, in attempting to prove its case against Hawk.

Should the government seek to admit Hawl's statement(s) at his own trial, the foregoing authority holds that it would be too much to ask Lusk's jury to disregard the incriminatory content of these statements which Lusk can neither confront nor cross examine unless Hawk were to testify- a commitment Hawk need not make until the government has rested its case at

2

JOHN M. MURTAGH
ATTORNEY AT LAW
1101 WEST SEVENTH AVENUE
ANCHORAGE, ALASKA 99501
(907) 274-8664

trial..

Since there is no legal dispute that Hawk's statements cannot be introduced at Lusk's trial, it appears that the government has two choices:

(1) have a joint trial and forego admission of Hawk's statements

(2) agree to severence

The approaches suggested by the prosecutors in past cases, of redacting a statement, or relying on an interlocking confessions exception no longer meet constitutional muster. In March 2004, the United States Supreme Court issued its decision in Crawford v. Washington, 124 S.Ct. 1354 ( 2004 ) In that lengthy decision, the Supreme Court formulated a new test for the evaluation of hearsay evidence in the context of a constitutional challenge based on the Confrontation Clause and the right of cross-examination. Justice Scalia, for the majority, conducted an historical analysis of the confrontation clause. In his analysis, it is critical to determine if the hearsay evidence is "testimonial". The Supreme Court concluded that if the hearsay is what would have been historically considered "testimonial" it is *inadmissible* if there is not the right for cross examination and confrontation, even if it might be a hearsay "exception" under the nonconstitutional evidence rules.

Where testimonial evidence is at issue, however, the Sixth

3

> Amendment demands what the common law required: unavailability and a prior opportunity for cross-examination. ( at 1374 )

The Court did not provide an exhaustive definition of "testimonial" but made clear that police interrogations[1] are testimonial and constitutionally inadmissible if the declarant does not testify.

> Whatever else the term covers, it applies at a minimum to prior testimony at a preliminary hearing, before a grand jury, or at a former trial; and to police interrogations. These are the modern practices with closest kinship to the abuses at which the confrontation Clause was directed. ( at 1374 )

The Supreme Court overruled any language to the contrary in Ohio v. Roberts, 448 U.S. 56 (1980) *Roberts* had been read by the lower courts as permitting the introduction of hearsay, even without the right of confrontation being afforded, if the testimony was either " a firmly rooted hearsay exception" or bore " particularized guarantees of trustworthiness."

> The unpardonable vice of the *Roberts* test, however, is not its unpredictability, but its demonstrated capacity to admit core testimonial statements that the Confrontation Clause plainly meant to exclude. ( at 1371)

The Supreme Court also discussed the "interlocking confessions" rationale and rejected it

---

[1] The hearsay admitted in Crawford was the police interview of his wife, which the trial court found to be reliable as a declaration against interest.

4

*Lee* v. *Illinois*,

1.                    (1986), on which the State relies, is not to the contrary. There, we *rejected* the State's attempt to admit an accomplice confession. The State had argued that the confession was admissible because it "interlocked" with the defendant's. We dealt with the argument by rejecting its premise, holding that "when the discrepancies between the statements are not insignificant, the codefendant's confession may not be admitted." *Id.*, at 545. Respondent argues that "[t]he logical inference of this statement is that when the discrepancies between the statements *are* insignificant, then the codefendant's statement *may* be admitted." Brief for Respondent 6. But this is merely a possible inference, not an inevitable one, and we do not draw it here. If *Lee* had meant authoritatively to announce an exception--previously unknown to this Court's jurisprudence--for interlocking confessions, it would not have done so in such an oblique manner. Our only precedent on interlocking confessions had addressed the entirely different question whether a limiting instruction cured prejudice to codefendants from admitting a defendant's *own* confession against him in a joint trial. See *Parker* v. *Randolph*,                (1979) (plurality opinion), abrogated by *Cruz* v. *New York*,             (1987).

Our cases have thus remained faithful to the Framers' understanding: Testimonial statements of witnesses absent from trial have been admitted only where the declarant is unavailable, and only where the defendant has had a prior opportunity to cross-examine. ( at 1368, footnotes omitted )

The defense will await the government's position.

Excludable delay. Excludable delay will result due to the filing and consideration of this motion.

5

Dated at Anchorage, Alaska this 1st day of December, 2005.

*John Murtagh*
John M. Murtagh
Bar# 7610119
Counsel for Glade Lusk

CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of this pleading was served by mail/hand/fax upon the Office of the United States Attorney and counsel for codefendant on the 1st day of Dec, 2005

*jm*
Law office of John M. Murtagh

JOHN M. MURTAGH
ATTORNEY AT LAW
1101 WEST SEVENTH AVENUE
ANCHORAGE, ALASKA 99501
(907) 274-8664