FILED
US DISTRICT COURT
DISTRICT OF ALASKA

2005 DEC -5 PM 12: 30

John M. Murtagh
1101 West 7th
Anchorage, Alaska   99501
(907) 274-8664
Counsel for defendant Glade Lusk

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| Vs. | ) |
| | ) |
| GLADE LUSK, and, | ) |
| THAIRON C. HAWK, | ) |
| Defendants. | ) |
| | ) |

Case No. A05-0052 CR. (RRB)   A05-107 CR (RRB)

MOTION TO STRIKE CITATION TO 21 USC 841
(b)(1)(C) from COUNT I OF THE INDICTMENT, or
IN THE ALTERNATIVE, FOR A BILL OF PARTICULARS-
DOES THIS COUNT RELATE TO THE ILLNESS EXPERIENCED
BY J.O, BY M.O. OR BY S.C, OR DOES IT RELATE TO THE DEATH
OF MM?

COMES NOW, Glade Lusk, defendant herein, by and through his

attorney, John M. Murtagh, and hereby moves this Court for the entry of an

order striking the citation to 21USC (b)(1)(C) from count I of the indictment

or, in the alternative for an order directing a the production of a bill of

1

27

particulars to identify

(1) whether the government is relying on the "death" prong of the statute, or the "serious bodily injury" prong of the statute and

(2) if the "serious bodily injury" prong, who was injured.

This motion is based on the fact that Lusk is charged in Count I with possession of a controlled substance with the intent to distribute, *but not any acts of distribution.* The indictment does not delineate which of two disparate statutory theories the government is relying on, nor does it identify the individual who incurred physical harm.

### The structure of Count I

This count alleges that the substantive legal violation was that the defendant "did knowingly <u>possess with intent to distribute</u> a liquid mixture or substance containing a detectable amount of 1,4 Butanediol ("BD") a controlled substance analogue of gamma hydroxybutryic acid ("GHB")" There is no allegation in this count, or in this indictment, that Lusk distributed anything.

The government has asserted that the penalty provisions of 21 USC 841(b)(1)(C) apply. That provision provides, in pertinent part:

> In the case of a controlled substance in Schedule I or II, gamma hydroxybutyric acid...such person shall be sentenced to a term imprisonment of not more than 20 years ....and if death or

JOHN M. MURTAGH
ATTORNEY AT LAW
1101 WEST SEVENTH AVENUE
ANCHORAGE, ALASKA 99501
(907) 274-8664

2

serious bodily injury results from the use of such substance shall be sentenced to a term of imprisonment for not less than twenty years or more ..."

Under *Apprendi* and *Blakely*, the jury will have to determine if the predicate facts of "death or serious bodily injury" occurred. In order to do so, they will have to receive some guidance on which prong is relied on. If the "serious bodily injury" prong is relied on the jury needs more particulars, specifically"who does the indictment say was injured"

<u>The discovery materials do not answer this question- in fact, they generate it</u>

Although only MM died, a number of individuals may have taken the substance

- Matthew O'Connor was hospitalized
- S.C. consumed something, but just went to sleep
- J.O. "puked"

It is vital to identify who is implied- as no one is referred to - in the indictment. The defense has different responsibilities and duties depending on the predicate figure. If it is S.C. or J.O., the litigation will focus on whether they experienced serious physical injury. If the focus is M.O. the issues will revolve around other substances he consumed.

## LEGAL ANALYSIS

3

Case law makes clear that it is incumbent upon the defense to examine the discovery materials prior to seeking a bill of particulars. <u>United States v. Mitchell</u>, 744 F.2d 701 (9th Cir. 1984) As noted above

- the indictment does not resolve the questions : is this a case alleging death, or one alleging serious physical injury?

- if this is a case alleging serious physical injury, who is the individual referenced?

In many cases, the discovery materials will in fact make the specific nature of the charge and the issues to be decided by the jury self evident- i.e., there is only one person's medical condition at issue. As noted above, that is not the case here.

- there is no lack of clarity if the government is addressing the death of M.M. and only that in the indictment

-if the government is, instead, relying on the serious physical injury prong of the statute, there are several individuals who assert they consumed a drink and suffered physical discomfort or trauma: Matt O'Connor, the codefendant in this case was hospitalized, his brother J.O. who brought MM to the event "puked", S.C. indicated she made herself a drink and went to sleep.

In other words, the theory of the government case is not contained within the indictment or discovery. The indictment and discovery contain a number of possible theories- a more particular statement in necessary. <u>U.S. v. Ryland,</u> 806 F.2d 941 ( 9th Cir. 1986 )

CONCLUSION

The government has failed to allege the requisite elements in the indictment to trigger the enhanced penalty section. To the extent a general broad statement is sufficient for purposes of rule 7, a bill of particulars is necessary to provide constitutionally adequate notice to prepare for trial.

<u>Excludable delay</u>. Excludable delay will result due to the filing and consideration of this motion.

Dated at Anchorage, Alaska this 5th day of December, 2005.

/s/ John M. Murtagh
John M. Murtagh
Bar# 7610119
Counsel for Glade Lusk

CERTIFICATE OF SERVICE
This is to certify that a true and correct copy of this pleading was served by mail/hand/fax upon the Office of the United States Attorney and counsel for codefendants on the 5th day of Dec , 2005

/s/
Law office of John M. Murtagh

JOHN M. MURTAGH
ATTORNEY AT LAW
1101 WEST SEVENTH AVENUE
ANCHORAGE, ALASKA 99501
(907) 274-8664

5