FILED
US DISTRICT COURT
DISTRICT OF ALASKA

2005 DEC -5 PM 12: 29

John M. Murtagh
1101 West 7th
Anchorage, Alaska  99501
(907) 274-8664
Counsel for defendant Glade Lusk

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| Vs. | ) |
| | ) |
| GLADE LUSK, and, | ) |
| THAIRON C. HAWK, | ) |
| Defendants. | ) |
| | ) |

Case No. ~~A05-0052 CR. (RRB)~~   A05-107 CR (RRB)

MOTION TO STRIKE "death or
physical injury"" aspects of 21 USC 841
(B)(1)(C) from COUNT I OF THE INDICTMENT, or
IN THE ALTERNATIVE, FOR RULING THAT THIS PENALTY
PROVISION DOES NOT APPLY TO THE FACTUAL
ALLEGATIONS IN COUNT I

COMES NOW, Glade Lusk, defendant herein, by and through his

attorney, John M. Murtagh, and hereby moves this Court for the entry of an

order striking the citation to that portion of 21USC (b)(1)(C) alleging "death

or serious physical injury " from count I of the indictment or, in the

JOHN M. MURTAGH
ATTORNEY AT LAW
1101 WEST SEVENTH AVENUE
ANCHORAGE, ALASKA 99501
(907) 274-8664

alternative for a ruling that the penalty provision triggered by this language - "not less than 20 years " does not apply to the factual allegations in Count I. This motion is based on the fact that Lusk is charged in Count I with possession of a controlled substance with the intent to distribute, *but not any acts of distribution.* The mandatory minimum 20 year penalty provision of 21 USC 841 (b)(1)(C) requires that a result be caused by the distribution of drugs and is therefore inapplicable to possession without distribution.

## The structure of Count I

This count alleges that the substantive legal violation was that the defendant "did knowingly possess with intent to distribute a liquid mixture or substance containing a detectable amount of 1,4 Butanediol ("BD") a controlled substance analogue of gamma hydroxybutryic acid ("GHB")" There is no allegation in this count, or in the November 16, 2005 indictment, that Lusk distributed anything.

The government has asserted that the penalty provisions of 21 USC 841(b)(1)(C) apply. That provision provides, in pertinent part:

> In the case of a controlled substance in Schedule I or II, gamma hydroxybutyric acid...such person shall be sentenced to a term imprisonment of not more than 20 years ....and if death or serious bodily injury results from the use of such substance shall be sentenced to a term of imprisonment for not less than twenty

years or more ..."

The enhanced penalty statute cannot be applied to a specific drug charge that does not involve any distribution and therefore could not have led to any health result.

Put another way, the *actus reus* of the substantive offense alleged in Count I is to possess a controlled substance. The *mens rea* is that the possession is knowing and with the intent to do an act in the future { distribute }.

The enhanced penalty provisions can be applied only in the event of a result - death or serious physical injury- *from an act that led to the injury.* The act necessary, from a matter of pure logic, is an act of distribution. However, since that act is not alleged in the indictment, it cannot be found by the trial jury. As it cannot be found by the trial jury, without its inclusion in the indictment, the enhanced punishment cannot apply. *Apprendi, Blakely.*

The indictment does not contain a connection between the substantive *actus reus*- possession, the *mens rea* the intent to do a future act of distribution and the foundational requirement- death of serious physical injury- for the enhanced penalty provision.

JOHN M. MURTAGH
ATTORNEY AT LAW
1101 WEST SEVENTH AVENUE
ANCHORAGE, ALASKA 99501
(907) 274-8664

3

*Analysis of the combined indictments*

It may be helpful to see what Lusk is charged with

Count I -"old indictment" - distribution, in conjunction with Matthew O'Connor to M.M [ M.M. died and this count links the "enhanced punishment" of a mandatory minimum of 20 years to her death. ]

Count II-"old indictment"- distribution, in conjunction with Matthew O'Connor to a person under 21 years of age. [ This count does not identify the individual under 21 years of age, but discovery materials indicate it is either Matthew O'Connor's brother J.O. . a female S.C., or it may be M.M. all of whom were not yet 21 years of age on June 12, 2003. This count does not allege the elements of necessary for the enhanced punishment of a mandatory minimum of 20 years.]

Count I-"new indictment"- charges Lusk alone with possession with intent to distribute. [ The indictment asserts the applicability of an enhanced punishment which comes into play only in the instance of death or serious physical injury **from the act charged.]**

*What is the gravamen of the "new indictment"*[1]

---

[1]   A Motion for Bill of Particulars is being filed concurrently with this pleading to try to identify the specifics of the new indictment.

4

Prior to the new indictment, Lusk was already charged with distributing to M.M.- and, if convicted, would face the mandatory minimum 20 years if her death was deemed the result of ingesting the substance. He was also charged, with Matthew O'Connor with distributing to ( by implication ) J.O./MM/SC. It is not reasonable to assume that the process of going to the grand jury and getting a new indictment was done simply to replicate- but in vaguer terms- Count I of the old indictment. So, it is a reasonable working assumption that Count I of the new indictment does not relate to distribution to M.M.

Nor does the "new indictment" presumably relate to actual distribution to the other individuals under 21 years of age as that is Count II of the "old indictment".

## CONCLUSION

The "new indictment" does not charge that Lusk distributed to anyone. Therefore a penalty provisions that requires a certain "result from distribution" cannot apply.

Additionally, all of the individuals who are asserted to have consumed the substance are "covered " in the first indictment.[2], with the exception of Matthew O'Connor. But if the government wished to allege "Lusk distributed

---

[2]The response to the motion for bill of particulars may clarify this significantly.

to Matthew O'Connor and he suffered serious physical injury" they could have done so. Such a charge would been in the language of the counts in the old indictment- "did distribute" -and would have specified his injury as the predicate for the mandatory minimum as was done regarding M.M.

Therefore, it is reasonable to assume that the new indictment is not related to Matthew O'Connor. That being the case, there is "no one left" to support the enhanced punishment, even if it were applicable to possession without distribution.

The mandatory minimum is not applicable to this indictment.

<u>Excludable delay</u>. Excludable delay will result due to the filing and consideration of this motion.

Dated at Anchorage, Alaska this 5<sup>t</sup> day of December, 2005.

                                    John M. Murtagh
                                    Bar# 7610119
                                    Counsel for Glade Lusk

CERTIFICATE OF SERVICE
This is to certify that a true and correct copy of this pleading was served by mail/hand/fax upon the Office of the United States Attorney and counsel for codefendants on the 5<sup>t</sup> day of Dec , 2005

Law office of John M. Murtagh

JOHN M. MURTAGH
ATTORNEY AT LAW
1101 WEST SEVENTH AVENUE
ANCHORAGE, ALASKA 99501
(907) 274-8664