TIMOTHY M. BURGESS
United States Attorney

THOMAS C. BRADLEY
CRANDON RANDELL
Assistant U.S. Attorneys
Federal Building & U.S. Courthouse
222 W. 7th Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Tel.: (907) 271-5071
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. A05-107 CR (RRB) |
| | ) | |
| Plaintiff, | ) | |
| | ) | **PLEA AGREEMENT** |
| v. | ) | |
| | ) | |
| GLADE R. LUSK, | ) | |
| | ) | |
| Defendant. | ) | |

I.  **Introduction**

A.  This document contains the complete plea agreement between the defendant and the United States. The defendant understands this agreement is limited to the District of Alaska; it does not bind other federal, state, or local prosecuting authorities.

B.  The parties expressly agree that this plea agreement is entered into

and is to be controlled by Federal Rule of Criminal Procedure Sections 11(c)(1)(A) and (C). This means that the defendant and the United States may withdraw from this agreement, or the guilty plea(s), if the court declines to be bound by the provisions of this agreement.

    C.    Because this is a negotiated resolution of the case, the parties waive any claim for the award of attorney's fees and costs from the other party.

II.    **What the defendant agrees to do**

    A.  I, Glade R. Lusk, the defendant, being of sound mind and under no compulsion or threats, or promises not otherwise contained in this document, do hereby state my agreement to and understanding of this plea agreement. I agree the following obligations are material to this agreement. I agree that any violation of or failure to fulfill these obligations will be a material breach of this agreement.

    If I breach this agreement, I understand that the United States, in its sole discretion, may withdraw from this agreement and may reinstate prosecution against me on any charges arising out of the investigation in this matter.

    B.    **Charges to which the defendant is pleading guilty**

    I wish to enter a plea of guilty to Count 1 of Indictment A05-107 CR (RRB), charging me with possession with intent to distribute a controlled

substance, i.e., 1,4 Butanediol ("BD"), a controlled substance analogue, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) and Count 1 of Information A05-122 CR (RRB), charging me with Accessory after the Fact, in violation of 18 U.S.C. § 3.

### C. Elements of the offenses

My attorney has explained the charges to which I am pleading guilty, and the elements necessary to establish my guilty plea.

I understand that in order to sustain a conviction for possession with intent to distribute a controlled substance, i.e., 1,4 Butanediol ("BD"), a controlled substance analogue, a violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), as charged in Count 1 of Indictment A05-107 CR (RRB), the United States would have to prove beyond a reasonable doubt the following elements: First, that I, knowingly possessed 1,4 Butanediol ("BD"), a controlled substance analogue; and Second, that I possessed 1,4 Butanediol ("BD"), a controlled substance analogue or some other controlled substance with the intent to deliver it to another person.

I understand that in order to sustain a conviction for Accessory after the Fact, a violation of 18 U.S.C. § 3, as charged in Count 1 of Information A05-122 CR (RRB), the United States would have to prove beyond a reasonable doubt the

following elements: First, that I knew that Matthew J. O'Connor had distributed 1,4 Butanediol ("BD"), a controlled substance analogue or some other controlled substance, and Second, that I assisted Matthew J. O'Connor with the intent to hinder or prevent his apprehension, trial, or punishment.

### D. Waiver of trial, appellate, and collateral attack rights

By pleading guilty, I understand that I give up and I agree to waive the following rights:

- -- The right to have the charge contained in Information A05-122 CR (RBB) presented to the grand jury prior to entering my plea of guilty;

- -- The right to plead not guilty or to persist in that plea if it has already been made;

- -- The right to a speedy and public trial by a jury on the issues of my guilt or sentence, and my interest in any forfeitable assets;

- -- The right to object to the composition of the grand or petit jury;

- -- The right to be presumed innocent and not to suffer any criminal penalty unless and until my guilt is established beyond a reasonable doubt;

- -- The right to be represented by a lawyer at trial and if necessary to have a lawyer appointed to represent me at trial -- I understand I am not waiving my right to have counsel continue to represent me during the sentencing phase of my case;

- -- The right to confront and cross examine witnesses against me, and the right to subpoena witnesses to appear in my behalf;

- -- The right to remain silent at trial, with such silence not to be used against me, and the right to testify in my own behalf;

- -- The right to contest the validity of any searches conducted on my property or person.

I understand that pleading guilty acts as a waiver of the right to appeal my conviction. I also understand and agree that as consideration for the government's commitments under this plea agreement, and if the court accepts this plea agreement and imposes a sentence consistent with its terms, including any forfeiture and any terms or conditions of probation (if applicable) or supervised release, and which does not exceed the statutory maximum penalties, I will knowingly and voluntarily waive the right, contained in 18 U.S.C. § 3742, to appeal the sentence – including forfeiture or terms or conditions of probation (if

applicable) or supervised release, and any fines or restitution– the court imposes. Furthermore, I also knowingly and voluntarily agree to waive the right to collaterally attack my conviction and/or sentence – including forfeiture or terms or conditions of probation (if applicable) or supervised release, and any fines or restitution– the court imposes. The only exceptions to this collateral attack waiver are as follows: 1) any challenge to the conviction or sentence alleging ineffective assistance of counsel -- based on information not now known to me and which, in the exercise of reasonable diligence, could not be known by me at the time the court imposes sentence; and 2) a challenge to the voluntariness of my guilty plea. I also agree that if the my guilty plea is rejected, withdrawn, vacated, reversed, or set aside, or if my sentence is vacated, reversed, set aside, or modified, at any time, in any proceeding, for any reason, the United States will be free to prosecute me on all charges arising out of the investigation of this case for which there is probable cause.

E. **Additional consequences of a felony conviction**

I understand that any person convicted of a federal felony offense may lose or be denied federal benefits including any grants, loans, licenses, food stamps, and welfare, as well as the right to own or possess any firearms, the right to vote, the right to hold public office, and the right to sit on a jury.

F. **Maximum statutory penalties**

I understand the maximum statutory penalties for Possession with Intent to Distribute 1,4 Butanediol ("BD"), a controlled substance analogue, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), include the following <u>for the facts upon which my plea will be entered</u>: 1) not more than 20 years, 2) a $1,000,000 fine, 3) a $100 mandatory special assessment, and 4) a mandatory minimum three-year term of supervised release. Further, I understand the maximum statutory penalties for Accessory after the Fact, in violation of 18 U.S.C. § 3, include the following: not more than 15 years, 2) a $500,000 fine, 3) a $100 mandatory special assessment, and 4) three years of Supervised Release. Finally, I understand the following may also apply and affect my sentence: 1) pursuant to Comment 7 of U.S.S.G. § 5E1.2, the court may impose an additional fine to pay the costs to the government of any imprisonment and supervised release term; 2) pursuant to 18 U.S.C. § 3612(f), unless otherwise ordered, if the court imposes a fine of more than $2,500, interest will be charged on the balance not paid within 15 days after the judgment date; 3) upon violating any condition of supervised release, a further term of imprisonment equal to the period of the supervised release may be imposed, with no credit for the time already spent on supervised release; 4) the court may order that I pay restitution pursuant to 18 U.S.C. § 3663

and U.S.S.G. § 5E1.1.

I agree I will owe the entire special assessment in this case on the day the court imposes sentence. I understand that all payments will be by check or money order, and are to be delivered to the Clerk of Court, United States District Court, 222 W. 7th Ave. Box 4, Rm. 229, Anchorage, AK 99513-7564.

G.  **Application of the United States Sentencing Guidelines**

I understand the court must consult the United States Sentencing Commission Guidelines [U.S.S.G.] when considering the sentence to impose in my case. The United States and I have reviewed the possible sentencing ranges called for under the U.S.S.G. for my case.

*SUMMARY:* **Count 1 of Information A05-122 CR (RRB)**

*BASE OFFENSE LEVEL § 2X3.1(3)(A)* .................... 30

*ACCEPTANCE OF RESPONSIBILITY* .................... -3

*TOTAL* ............................................. 27

*CRIMINAL HISTORY* ................................. II

*AGREED SENTENCE* .......................... *160 months*

*SUPERVISED RELEASE RANGE* ................... *3 years*

*FINE RANGE* ........................... *$12,500 - $125,000*

The parties agree that the potential guideline range for the Possession with Intent to Distribute charge falls well below that of the Level 30 applicable to Accessory after the Fact charge reflected above, and thus would not serve to increase the Total Offense Level. The parties further agree that because of the unique factors in this case, Fed. R. Crim. P. 11(c)(1)(C) will govern this agreement, and that the court will impose a sentence of 160 months in my case. Should the court elect to reject this agreement, I would have the right to withdraw my pleas.

H.    **Satisfaction with counsel**

I am fully satisfied with the representation given me by my attorney and am prepared to repeat this statement at the time I stand before the court and enter my guilty plea. My attorney and I have discussed all possible defenses to the charge to which I am pleading guilty. My attorney has investigated my case and followed up on any information and issues I have raised to my satisfaction. My attorney has taken the time to fully explain the legal and factual issues involved in my case to my satisfaction. We have discussed the statutes applicable to my offense and sentence as well as the effect of the United States Sentencing Commission Guidelines on my sentence.

I.    **Factual basis for the plea(s)**

I admit that the charge against me in Count 1 of Indictment A05-107 CR (RRB) is true, and that the charge in Count 1 of Information A05-122 CR (RRB) is true, and stipulate to the truth of the following factual basis for my plea and agree that they support my guilty pleas in this case:

On June 11 and June 12 of 2003, I, Glade Lusk, the defendant, possessed a quantity of a liquid I knew contained a controlled substance, known to me as GHB, and which in fact was a controlled substance analogue, a detectable amount of 1,4 Butanediol ("BD"). I admit that I possessed GHB on prior occasions, and had distributed it to one or more persons at the Talkeetna Blue Grass Festival in 2002 or 2003. I also admit to selling ecstasy pills known as "white clouds" and "blue bats", to teenage girls at rave parties, at the Club Millennium on Third Avenue in Anchorage, and at the "Mansion" in Spenard. These pills, or gel capsules, typically sold for about $20 each. I have been informed that on occasion persons taking drugs sold by me have become sick.

During the evening of June 11, 2003, and the early morning hours of June 12, 2003, I was present in Apt. 3 at 2316 Roosevelt, Anchorage. A bottle of GHB, entrusted to my care for approximately one month, was opened, poured into a drink, passed around, and consumed by several people present at the apartment. Although I personally did not pour out or pass around the drink containing GHB,

I was aware of the fact that GHB was being distributed. I was also aware that at least four people became ill drinking this liquid, and became aware in the early morning hours of June 12, 2003, that one young woman had died from its ingestion. I acknowledge that during this time period I did not seek medical aid.

At that time, I decided that I needed to get rid of the GHB, and directly enlisted Thairon Hawk to assist me in disposing of the bottles containing GHB in order to avoid the consequences.

III. **What the United States agrees to do**

A. In exchange for defendant's plea of guilty to Count 1 of Indictment A05-107 CR (RRB), and Count 1 of Information A05-122 CR (RRB), the United States agrees it will not prosecute the defendant further for any offense -- now known -- arising out of the subject of the investigation related to the charging instrument in this case and the defendant's admissions in support of the guilty plea. Provided, however, if the defendant's guilty pleas are rejected, withdrawn, vacated, reversed, or set aside, or if the defendant's sentence is vacated, reversed, set aside, or modified, at any time, in any proceeding, for any reason, the United States will be free to prosecute the defendant on all charges arising out of the investigation of this case for which there is probable cause.

B.   The government agrees that the mandatory no "less than twenty years or more than life" provision found in Title 21, Section 841(b)(1)(C) is not applicable to defendant Lusk, and should not be applied.

C.   The government further agrees that the nature and circumstances of the offense, as outlined both in the Factual Basis of this Agreement, and in 18 United States Code, Section 3553(a), warrant a sentence of 160 months.

**IV. Adequacy of the agreement**

Pursuant to Local Criminal Rule 11.2 (D) (7) and (9), this plea agreement is appropriate in this case for the following reasons:

1.   The parties agree that defendant Glade Lusk possessed with intent to distribute the liquid containing 1,4 Butanediol ("BD"), a controlled substance analogue, as charged in the Indictment A05-107 CR (RRB).

2.   That defendant had prior experience distributing GHB, well as a prior history of selling ecstasy pills, a controlled substance.

3.   That defendant was aware that the GHB, which, on this occasion caused both great bodily injury and death, was being distributed.

The parties submit that the sentence to be imposed under the terms of this plea agreement will serve to adequately protect the public and reaffirm societal

norms, provide for deterrence to the defendant and others, and provide the defendant an opportunity for rehabilitation.

V.     **The defendant's acceptance of the terms of this plea agreement**

By my signature below, I, Glade R. Lusk, affirm this document contains all of the agreements made between me-- with the assistance of my attorney-- and the United States regarding my plea. There are no other promises, assurances, or agreements the United States has made or entered into with me that have affected my decision to enter any plea of guilty or to enter into this agreement.

I understand that I have a right to plead not guilty and proceed to trial, and that no one can force me to plead guilty. If anyone, including my attorney, has done or said anything other than what is contained in this agreement, I will inform the judge when I stand before him to enter my plea. If there were, I would so inform the court.

I understand the court will ask me under an oath to answer questions about the offense(s) to which I am pleading guilty and my understanding of this plea agreement. I understand that I may be prosecuted if I make false statements or give false answers and may suffer other consequences set forth in this agreement.

I have read this plea agreement carefully and understand it thoroughly. I know of no reason why the court should find me incompetent to enter into this

agreement or to enter my plea. I enter into this agreement knowingly and voluntarily. I understand that anything that I discuss with my attorney is privileged and confidential, and cannot be revealed without my permission. Knowing this, I agree that this document will be filed with the court.

Based on my complete understanding of this plea agreement, I therefore wish to enter a plea of guilty to Count 1 of the Indictment.

DATED: 1*6*06

_____
GLADE R. LUSK
Defendant

As counsel for the defendant, I have discussed with the terms of this plea agreement with the defendant, have fully explained the charge(s) to which the defendant is pleading guilty and the necessary elements, all possible defenses, and the consequences of a guilty plea to a felony. Based on these discussions, I have no reason to doubt that the defendant is knowingly and voluntarily entering into this agreement and entering a plea of guilty. I know of no reason to question the defendant's competency to make these decisions. If, prior to the imposition of sentence, I become aware of any reason to question the defendant's competency to enter into this plea agreement or to enter a plea of guilty, I will immediately inform the court.

DATED: 1/6/06

_____
JOHN MURTAGH
Attorney for LUSK

On behalf of the United States, the following accept Glade R. Lusk's offer to plead guilty under the terms of this plea agreement.

DATED: 1/6/06

_____
CRANDON RANDELL
Assistant U.S. Attorney

DATED: 1/9/06

_____
TIMOTHY M. BURGESS
United States Attorney