DEBORAH M. SMITH
Acting United States Attorney

THOMAS C. BRADLEY
Assistant U.S. Attorney
Chief, Criminal Division
Federal Building & U.S. Courthouse
222 W. 7th Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Tel.:  907-271-5071
Fax: 907-271-1500
Email: thomas.bradley@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No.  3:05-CR-00107-01 (RRB) |
| | ) | |
| Plaintiff, | ) | |
| | ) | **GOVERNMENT'S SENTENCING** |
| v. | ) | **MEMORANDUM** |
| | ) | |
| GLADE LUSK, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

COMES NOW the United States of America, by and through undersigned counsel, and files its sentencing memorandum in this case.

**The Crimes**

The defendant stands convicted of the crimes of possession of GHB with intent to distribute and accessory after the fact to the actual distribution of GHB. The facts of this case are somewhat muddled by the conflicting stories provided at the time of the offense and afterward by various participants.  Some were trying to

protect themselves. Some were trying to protect others. Some were probably too intoxicated to remember clearly. At least one committed perjury. But several things are crystal clear:

    1.    Glade Lusk sold "pharmaceuticals" over an extended period of time, to underage customers at concerts, "rave" parties, and other venues. The drugs included various forms of Valium, ecstasy, and GHB analogues.

    2.    At times, underage girls who purchased drugs from Lusk reported to him they became ill from taking these drugs.

    3.    In June 2004, Lusk had a quantity of GHB analogue BD 1,4 at his apartment. During the evening of June 11 and the early morning hours of June 12, several people became seriously ill after consuming the GHB. Mr. Lusk knew this.

    4.    Mr. Lusk made a decision not to call 911 or seek other medical help for the sick individuals. As a result, the victim, a sixteen year old girl, died from a massive GHB overdose. Another young man, co-defendant Matthew O'Connor, nearly died. The other ill participants recovered without need of medical aid.

    5.    In the wake of the death, and before calling for help, Lusk arranged for co-defendant Thairon Hawk to dispose of the remaining GHB. Later, Lusk personally assisted Hawk with the final destruction of the GHB evidence.

    Essentially, Mr. Lusk played Russian roulette with other people's lives. He knew that if he called an ambulance regarding juvenile overdose victims, he would

get in trouble. He elected not to accept that, and hoped against hope that the victims would recover. Two did. One nearly did not. And a girl died.

As a result, after over a year of thinking he had escaped consequences, Mr. Lusk ultimately found himself arrested and facing twenty years to life in federal prison. A consequence he almost certainly had not anticipated when he took his calculated risk on June 12.

### The Defendant

Glade Lusk is the son of a drug dealer. He became involved in juvenile criminal activity, and it is evident that he both used and sold controlled substances after he reached adulthood. Although he had no serious adult criminal record at the time of the instant offense, he was probably destined to reenter the criminal justice system at some point, given his lifestyle choices.

### The Sentence

The Court must consider a number of factors in imposing sentence. Title 18, United States Code, Section 3553(a).

First, the nature and circumstances of the offense, as well as the characteristics of the defendant must be considered. These have been discussed above, and support a sentence of 160 months.

Second, the Court must consider promoting respect for the law, with a sentence that both reflects the seriousness of what the defendant did and provides a

just punishment. In this case, the defendant did not directly distribute the drugs to the victim who died. He possessed the drugs with the intent to distribute them. After the distribution and resulting overdoses, he failed to act to protect the victims. After one died, he actively destroyed evidence.

Had the United States proven at a trial that this defendant actually provided the drugs to the victim, he would rightly be facing a minimum sentence of twenty years, with a Guideline range substantially higher than that and the possibility of life without parole. Had he simply possessed drugs, and had no other involvement, he would rightly be facing a much lower first-offender sentence of a few years in jail.

In this case, the agreed-upon sentence reflects the needs of society and provides a just punishment to Mr. Lusk. While harsh, 160 months is not 240 months. Nor is it the 262-327 months discussed as a potential Guideline range. And it is certainly not life without parole. Mr. Lusk's history with these drugs, his evident past willingness to distribute them to minors, his evident indifference to reports of illness, his clear indifference to obvious, multiple and seriously ill people in this case, the resulting death and near-death, and his attempts to destroy evidence call out for a sentence higher than that of a possession case. The

evidence did not support a higher sentence. But the evidence cannot allow for a lower one.

Next, the Court must consider deterrence. This includes specific deterrence of this defendant, as well as general deterrence within the community and nation. A sentence of 160 months is significant enough to deter this defendant, while still allowing him to have a chance to come out of prison and live a productive life. As for the community, the risks of "club" and "date-rape" drugs cannot be overestimated. Although in this case the GHB was evidently not used surreptitiously, it is often so used, and those who provide it to others need to know that if death or serious bodily injury result, they can face long prison terms.

The Court also needs to protect society against further crimes by this defendant. As noted above, the agreed term locks Mr. Lusk away for substantially over ten years, while still providing him a chance at life after prison. This is a chance that the victim did not and will not get. Mr. Lusk's family can look forward to a concrete release date. The victim's family cannot ever expect release from the pain. Their daughter will forever be sixteen.

Finally, the Court must consider rehabilitation. For Mr. Lusk this may mean job training or furthering his education, but it certainly should include drug

treatment so that he emerges from prison clean, sober, and prepared for a lifetime of recovery.

This defendant has no apparent ability to pay a fine, and is not likely to become able to do so. He should receive a three year term of supervised release, which is both the minimum and maximum provided by statute in this case.

RESPECTFULLY SUBMITTED this 3rd day of May, 2006, at Anchorage, Alaska.

        DEBORAH M. SMITH
        Acting United States Attorney

        s/Thomas Bradley
        Assistant U.S. Attorney
        Federal Building & U.S. Courthouse
        222 W. 7th Avenue, #9, Room 253
        Anchorage, Alaska 99513-7567
        Tel.: 907-271-5071
        Fax: 907-271-1500
        Email: thomas.bradley@usdoj.gov
        Chief, Criminal Division

**CERTIFICATE OF SERVICE**
I hereby certify that on May 3, 2006,
a copy of the foregoing was served
electronically on:

John M. Murtaugh, Esq.
1101 W. 7th Avenue
Anchorage, Alaska 99501
Fax: 258-6419

s/Thomas Bradley