John M. Murtagh
1101 West 7th
Anchorage, Alaska   99501
(907) 274-8664
Counsel for defendant Glade Lusk

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| Vs. | ) |
| | ) |
| GLADE LUSK, | ) |
| Defendants. | ) |
| _____ | ) |

Case No. 3:05-CR-0010701 (RRB)

SENTENCING MEMORANDUM

COMES NOW, Glade Lusk, defendant herein, by and through his attorney, John M. Murtagh, and hereby provides this Court with his sentencing memorandum.

**The Rule 11 (c)(1)(c) fixed term agreement and the Government's sentencing memo**

The government has, throughout this litigation, acknowledged the difficulty in establishing conclusive facts regarding the specific details of June

1

12, 2004.The reasons are well described by the government and range from intoxication to self-protection by the witnesses.  As a result, the parties have negotiated a fixed sentence agreement, one positioned above a strict USSG analysis on the count of conviction, but below the statutory minimum had a dismissed theory of prosecution not been dismissed and resulted in a conviction.

The PSR does a good job of providing the alternate USSG calculations, depending on whether Lusk is held responsible - in a technical legal post-*Booker* era -for causing the death of MM.

Under the circumstances of a fixed term plea agreement, it could be said that it is theoretically not necessary to conclusively resolve contested USSG  issues.  Lusk contends that this is not correct. It is very likely that the PSR forms a significant basis for institutional decisions during incarceration. As such, it should be accurate.

Lusk contends that the "higher levels" established conditionally in the PSR- not based on the elements of the offenses of conviction, nor supported by any admissions, should be rejected by this Court.As the factual-legal conclusion related in the challenged portions of the presentence report is not contained in the plea agreement, indictment, or any admissions, it would be

incumbent on the government, should it choose, to present proof on those contested paragraphs.

However, the government has again noted in its sentencing memorandum that "the defendant did not directly distribute the drugs to the victim who died." [ page 4, lines 1-2 ]

## CONCLUSION

As the Court is still required to consider USSG calculations in imposing sentence, it must make findings on unresolved issues. This Court should find that the "higher" USSG calculations, premised on an element not found in the indictment or plea agreement- "causing death" is inaccurate. The calculations based on the offense of conviction are accurate.

The specific task of the Court is to determine whether or not to accept the fixed term sentence negotiated by the parties. In doing so, it must look to the sentencing criteria in the controlling statutes.

As the PSR and government note, the agreed upon term is placed within a range of potential trial outcomes- much higher than would be imposed with an acquittal on the now dismissed count and much less than a conviction on the now dismissed count.

The sentence is within the range of reasonable choices in applying the

statutory framework. Although it is by definition a compromise, as 160 months would not be the outcome after a trial, considering the two primary potential outcomes, that does not make it unreasonable.

The character letters that are attached demonstrate that Lusk has many positive characteristics and is deserving of an opportunity to rehabilitate himself. It is requested that the Court recommend participated in the DAP program in the federal institution.

Dated at Anchorage, Alaska this 5th day of May, 2006.

S/JOHN MURTAGH
John M. Murtagh
1101 West 7th Avenue
Anchorage, Alaska 99501
Phone (907)-274-8664
Fax (907)- 258-6419
Email: jmmalaska@hotmail.com
Bar# 7610119
Counsel for Glade Lusk

CERTIFICATE OF SERVICE
this is to certify that service of this
pleading was accomplished via
electronic case filing notice
on the  Office of the
United States Attorney on the
5th day of May, 2006

s/John Murtagh

4